UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON J. YOUNGBAUER,

        Plaintiff,

v.                                                 Case No. 12-C-482

GARY H. HAMBLIN, JANICE CUMMINGS,
JENNIFER KOSTRZEWA, JANE DOE, PEGGY
KENDRIGAN, and KATHY LYN WALTER,

        Defendants.

## SCREENING ORDER

Plaintiff Jason J. Youngbauer, who is incarcerated at Redgranite Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $59.49.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.*" Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must

be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The facts alleged are as follows. On June 5, 2007, Plaintiff was released to extended supervision. On June 2 and 3, 2008, Plaintiff's former live-in girlfriend, Ms. Kasun, spoke with Plaintiff's supervision agent, Defendant Jennifer Kostrzewa, and alleged Plaintiff was violating his rules and conditions of supervision. On June 6, 2008, Plaintiff reported to Defendant Kostrzewa's office and then was taken into custody for the violations Plaintiff had admitted to in a statement given on June 3, 2008. As he was being taken into custody, Plaintiff was told to empty his pockets.

Plaintiff's key ring and wallet with his identification were given to Defendant Kostrzewa. Plaintiff alleges she began to question him as to what the key was for but "did not inform the plaintiff why this information pertained to the situation." (Compl. ¶ 19.) Plaintiff was handcuffed and escorted by Defendants Kostrzewa and Doe to the Milwaukee Secure Detention Facility (MSDF). Plaintiff alleges that thereafter, they used Plaintiff's key to his home to gain entry. (Compl. ¶¶ 21–22.) Plaintiff further alleges "home property" was removed that belonged to plaintiff "without his knowledge, consent, presence, or the issuance of a proper Doc-1165 receipt for the removal of said property." (*Id.* ¶ 24.) Plaintiff contends these actions were an abuse of power under the color of state law and further alleges deliberate indifference based on "the complete failure of any supervising defendant." (*Id.* ¶ 30.)

The Fourth Amendment, by its terms, protects against unreasonable searches and seizures, and further provides that no warrant shall issue except upon a showing of probable cause. U.S. Const. amend. IV. The Supreme Court has held, however, that a warrantless search of a probationer's home made pursuant to a Wisconsin regulation and based on a finding of reasonable grounds, as opposed to probable cause, satisfies the demands of the Fourth Amendment. *Griffin v. Wisconsin*, 483 U.S. 868 (1987). Here, Plaintiff alleges that the defendants' search of his home was without probable cause, but given the standard set forth in *Griffin*, this allegation fails to state a claim under the Fourth Amendment. Plaintiff also alleges that his property was seized by the defendants as contraband without providing a proper receipt in violation of his right to due process of law. He fails to state what property was taken, however, and instead suggests he has no way of knowing. In addition, other than as to Kostrzewa and Walter, he fails to allege any personal involvement on the part of the defendants. Even with liberal pleading standards, this is insufficient

4

to provide defendants proper notice of Plaintiff's claims. Accordingly, his complaint will be dismissed but with leave to amend. Plaintiff should file an amended complaint within the next thirty days on or before July 12, 2012, or else the case will be dismissed.

SO ORDERED this   11th   day of June, 2012.

                           s/ William C. Griesbach
                           William C. Griesbach
                           United States District Judge