UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON J. YOUNGBAUER,

        Plaintiff,

   v.                                      Case No. 12-C-482

JANICE CUMMINGS, JENNIFER KOSTRZEWA,
JANE DOE, Agent Number 30919, An Employee of the
Wisconsin Department of Corrections, Division of
Community Corrections, PEGGY KENDRIGAN, and
KATHY LYN WALTER,

        Defendants.

**SCREENING ORDER**

Plaintiff Jason J. Youngbauer, who is incarcerated at Redgranite Correctional Institution, initially filed this § 1983 action on May 15, 2012, alleging that his civil rights were violated. On June 12, 2012, I dismissed Plaintiff's complaint for failure to state a claim, failure to allege personal involvement as to several of the named defendants, and failure to state what property of his was taken. (ECF No. 8.) In my dismissal, however, I granted Plaintiff leave to amend within thirty days. The case is before me now on Plaintiff's amended complaint. (ECF No. 9.)

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint,

as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $59.49.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a

2

Case 1:12-cv-00482-WCG    Filed 07/12/12    Page 2 of 7    Document 10

complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The facts in the amended complaint are as follows. On June 5, 2007, Plaintiff was released to extended supervision. On June 2 and 3, 2008, Plaintiff's former live-in girlfriend, Kelly Kasun,

3

spoke with Plaintiff's supervision agent, Defendant Jennifer Kostrzewa, and alleged Plaintiff was violating his rules and conditions of supervision. On June 6, 2008, Plaintiff reported to Defendant Kostrzewa's office and then was taken into custody for the violations Plaintiff had admitted to in a statement given on June 3, 2008. As he was being taken into custody, Plaintiff was told to empty his pockets. Plaintiff's key ring and wallet with his identification were given to Defendant Kostrzewa. Plaintiff alleges she began to question him as to what the key was for but did not inform him why the information was required. (Am. Compl. ¶ 26.) Plaintiff was handcuffed and escorted by Defendants Kostrzewa and Doe to the Milwaukee Secure Detention Facility (MSDF).

Plaintiff alleges on June 9, 2009, Kostrzewa came to the MSDF to get a second statement on his rule violations. (*Id.* ¶ 32.) She then apparently informed him that his house had been searched. (*Id.* ¶ 33.) She said contraband was found and removed. (*Id.* ¶ 34.) Kostrzewa said numerous sexually explicit magazines were removed along with CDs containing sexually explicit movies. (*Id.* ¶ 35.)

Plaintiff was released from the MSDF on June 17, 2008. (*Id.* ¶ 39.) Plaintiff says he has no way of knowing exactly what was taken as he was "never issued a proper DOC-1165 form" but alleges that Kostrzewa and Doe seized "approximately 15 motorcycle related magazines, at least 3 DVD's, a black leather belt with gray leather accents, one pewter wolf belt buckle, one pewter deer belt buckle, one Sony digital camera, one Colby portable DVD player." (sic) (*Id.* ¶ 41.) Plaintiff also alleges a Sony Play Station 2 was damaged during the search. (*Id.*) According to Plaintiff, in addition to Doe and Kostrzewa, Defendants Walter, Kendrigan, and Cummings failed to follow appropriate administrative procedures when they failed to fill out the proper forms. Plaintiff also contends Defendant Walter "abused her authority under the color of state law" in

4

granting a search of his house without following the proper procedures. (*Id.* § 7, Relief Requested, at B.)

The Fourth Amendment, by its terms, protects against unreasonable searches and seizures, and further provides that no warrant shall issue except upon a showing of probable cause. U.S. Const. amend. IV. The Supreme Court has held, however, that a warrantless search of a probationer's home made pursuant to a Wisconsin regulation and based on a finding of reasonable grounds, as opposed to probable cause, satisfies the demands of the Fourth Amendment. *Griffin v. Wisconsin*, 483 U.S. 868 (1987). Here, Plaintiff alleges the search was not based on reasonable grounds, and it is not clear from the complaint whether this is true or not. (Am. Compl. ¶ 42–48.) Plaintiff will thus be allowed to go forth on this ground.

Plaintiff also alleges a Fourteenth Amendment claim — that he was deprived of the aforementioned property without due process. (*Id.* ¶ 51.) Deliberate decisions by government officials to deprive a person of life, liberty, or property can violate due process. *See Daniels v. Williams*, 474 U.S. 327 (1986). From the face of Plaintiff's amended complaint, I cannot conclude the Defendants did not deliberately decide to deprive him of his property in violation of the Fourteenth Amendment. Plaintiff accordingly will be allowed to go forth on that ground as well.

Plaintiff has presented at least cognizable claims. The Court thus finds Plaintiff may proceed on his Fourth and Fourteenth Amendment claims. 28 U.S.C. § 1915A(b).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are

being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.[1]

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $290.51 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court - WIED
>United States Courthouse
>125 S. Jefferson St., Suite 102
>Green Bay, Wisconsin 54301

---

[1] County sheriffs, jail administrators or employees, police officers, county employees or federal agencies (such as I.C.E.) are not included and paper copies must be served on the appropriate Corporation Counsel, jail administrator or other such party by the U.S. Marshal's Service.

6

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated this __11th__ day of July, 2012.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge