UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON J. YOUNGBAUER,

        Plaintiff,

  v.                                 Case No. 12-C-482

GARY H. HAMBLIN, JANICE CUMMINGS,
JENNIFER KOSTRZEWA, JANE DOE, PEGGY
KENDRIGAN, and KATHY LYN WALTER,

        Defendants.

## DECISION AND ORDER

In a screening order this Court allowed Plaintiff Jason Youngbauer to proceed on claims based on a search of his residence in 2008. At the time of the search, Youngbauer was on probation and was not at his home. The warrantless search confirmed what probation officers had suspected, which is that Youngbauer had been violating the terms of his probation by viewing pornography and consuming alcohol.

The Defendants moved for summary judgment on the grounds that, as a probationer, Youngbauer had waived the rights that normal citizens have with respect to search and seizure. In fact, one of the rules of community supervision, which Youngbauer acknowledged, was that "You shall make yourself available for searches or tests ordered by your agent including but not limited to urinalysis, breathalyzer, DNA collection and blood samples or search of residence or any property under your control." (ECF No. 33-4.)

Youngbauer argues that although his signature is on several documents setting forth the Rules of Community Supervision, he was merely signing to acknowledge the fact that he had received a copy of those rules, not that he agreed to them. He thus says that he never agreed to have his property searched in his absence.

The Rules of Community Supervision set forth the standard and customized rules that govern probation. As the rules themselves indicate, "Your probation or parole may be revoked if you do not comply with any of your court-ordered conditions or if you violate any of the following rules." (ECF No. 33-4.) Thus, by being on supervised release Youngbauer was governed by those rules regardless of whether or not he had "agreed" with them. Presumably there are thousands of inmates in prisons across the country who do not "agree" with their sentences but nevertheless must submit to searches of their cells without warrants. Here, the fact that Youngbauer might not agree with one of the conditions of his probation is irrelevant to the fact that it *is* a condition of probation.

Regardless, it is clear that the Defendants had reasonable grounds to search his house, and that is all that is required. *Griffin v. Wisconsin,* 483 U.S. 868, 873 (1987). In the case of parolees and probationers, the expectation of privacy "is significantly limited by the supervisory relationship and restrictions imposed on the individual by the State." *United States v. Jones,* 152 F.3d 680, 686 (7th Cir. 1998). Here, the search was conducted because Plaintiff's ex-girlfriend's probation agent alerted Plaintiff's agent that Plaintiff had been violating his conditions of probation. When asked about the allegations, Plaintiff admitted to drinking, using the internet without permission and looking at pornography. (ECF No. 29, ¶ 15.) In fact, he signed a statement indicating that he had been drinking alcohol, visiting bars, using a computer, and watching pornographic videos. (ECF No. 33-3.) He had also answered a personal ad on Craigslist. In the experience of the Defendants,

2

sometimes probationers admitted to smaller violations in order to cover up larger ones, and thus the assistant regional chief, Defendant Kendrigan, authorized the search. This more than suffices to constitute reasonable grounds for the search. *Jones,* 152 F.3d at 687 ("Given the Wisconsin Supreme Court's conclusion in *Griffin* that a tip from a police officer that the probationer 'had' or 'may have had' an illegal firearm at his home constituted the requisite 'reasonable grounds,' we have little difficulty in concluding that the instant search complied with Wisconsin's 'reasonable grounds' standard.") (citations omitted). Plaintiff's allegation that the Defendants did not follow the exact procedures required by state law does not factor into the constitutional analysis.

Plaintiff also brought a claim alleging Fourteenth Amendment deprivations of property during the search. Specifically, he alleged that the Defendants removed various magazines, DVDs and belt buckles from his residence. The Defendants have denied that any property was taken. (ECF No. 29, ¶ 30.) Plaintiff has not addressed the point in his brief, rendering it waived. And although Plaintiff has filed a declaration indicating his belief that the Defendants removed his property, that does not comply with Civil Local Rule 56(b)(2), which requires a party opposing summary judgment to indicate with specificity his disagreement with factual assertions made by the movant. Regardless, the unauthorized intentional deprivation of an individual's property does not give rise to a due process violation so long as "a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *see Gable v. City of Chicago,* 296 F.3d 531, 539-40 (7th Cir.2002). State law provides a remedy in the circuit courts. Wis. Stat. § 968.20 ("Any person claiming the right to possession of property seized pursuant to a search warrant or seized without a search warrant may apply for its return to the circuit court for the county in which the property was seized or where the search warrant was returned."); *Jones v. Farmer,* 2000 WL

3

34230090 (W.D. Wis., October 18, 2000). Accordingly, there is no violation of the Fourteenth Amendment here.

For the reasons given above, the Defendants' motion for summary judgment is **GRANTED** and the case is **DISMISSED**.

**SO ORDERED** this   18th   day of February, 2014.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge